IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERIC FRITZGERALD LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07cv27 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| UNIVERSITY MEDICAL CENTER, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

  This matter is before the court for initial review of the complaint filed by the plaintiff, Eric Fritzgerald Lewis, a prisoner or pretrial detainee in the Douglas County Correctional Center ("DCCC").  Also before the court is Filing No. 2, the plaintiff's Motion to Proceed In Forma Pauperis ("IFP").  Because the plaintiff is incarcerated, the Prison Litigation Reform Act ("PLRA") applies to this case.  The PLRA requires the court to screen civil rights complaints brought by confined persons, establishes criteria governing dismissal of prisoner complaints, and restricts remedies and procedures in prisoner litigation. See, e.g., 28 U.S.C. § 1915A, which directs the court to screen prisoner complaints.  Similarly, by moving for leave to proceed IFP, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

  In this case, the plaintiff states that he was hooked up to nano-technology devices at the University Medical Center which transmit information directly to the Omaha Police Department and other members of a ringsting network on a 24-hour basis.  The plaintiff has been hearing voices and music in his ears for three years and five months as a result. He believes his constitutional rights have been violated and that he should be compensated accordingly.

The court cannot grant the plaintiff the relief he seeks except to direct the Clerk of Court to send a copy of this Memorandum and Order to the Director of the DCCC and to suggest to the Director that medical assistance would be advisable. Without deciding any issues raised in the complaint, the court would appreciate the Director's assistance in instructing medical personnel at DCCC to take whatever measures are necessary to satisfy the plaintiff that he has been unlinked from any transmission devices.

This case must be dismissed for failure to state a claim on which relief may be granted against any defendant. Therefore, the above-entitled case will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). The plaintiff's Motion to Proceed IFP is denied as moot, and thus, no order will be issued directing collection of a filing fee.

THEREFORE, IT IS ORDERED:

1. That the above-entitled case and the plaintiff's complaint are dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B);

2. That Filing No. 2 is denied as moot;

3. That judgment will be entered in accordance with this Memorandum and Order; and

4. That the Clerk of Court shall send a copy of this Memorandum and Order and the plaintiff's complaint to the Director of DCCC, with the court's appreciation for the Director's efforts in delegating to medical personnel at DCCC the job of satisfying the plaintiff that any connection to transmission devices has been severed.

DATED this 8th day of February, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge