IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERIC FRITZGERALD LEWIS, | ) | Case No: 8:07CV27 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| UNIVERSITY MEDICAL CENTER, and | ) | |
| OMAHA POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

On February 8, 2007, this court entered a memorandum and order dismissing the plaintiff's case. Filing No. 6. The plaintiff's complaint alleged he was illegally connected to nano-technology devices (i.e. Magnetic Resonance Imaging, CT Scans, and Angiography) at the University Medical Center, and he claimed this technology had remained connected to him for over three years. The plaintiff claimed that as a result, he hears voices and ringing in his ears. He alleged the nano-technology was being used to transmit his thoughts and information to the Omaha Police Department.

Upon initial review, the court dismissed the plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted against any defendant. Filing No. 6. The court's memorandum and order further stated:

> [T]he Clerk of Court shall send a copy of this Memorandum and Order and the plaintiff's complaint to the Director of DCCC, with the court's appreciation for the Director's efforts in delegating to medical personnel at DCCC the job of satisfying the plaintiff that any connection to transmission devices has been severed.

Filing No.6, p. 2, ¶ 4. Judgment was entered in favor of the defendants on February 8, 2007. Filing No. 7.

On March 1, 2007, the plaintiff filed a motion to enforce the court's Memorandum and Order. Filing No. 8. Two additional motions seeking substantially the same relief were filed on April 6, 2007, (Filing No. 9), and May 2, 2007 (Filing No. 10). The plaintiff's motions, Filing Nos. 8, 9, and 10, each claim the defendants have failed to comply with the court's order to disconnect the nano-technology attached by the University Medical Center. The plaintiff states, "I haven't been satisfied of unconnection from the transmission devices and it hasn't been severed [or] disconnected." Filing No. 8, p. 7. He claims the court has ordered the Douglas County Correctional Center administrators and the DCCC medical services to sever the illegal nano-technology that was connected to his body on August 21, 2003, but they have failed to comply with that order. Filing No. 10, p.1. "The

Memorandum and Order hasn't been carried out by the Douglas County Correctional Facility; I am still illegally connected to the nano-technology equipment." Filing No. 9, p.1.

The plaintiff misunderstands the court's Memorandum and Order. The court did not decide the issues raised by the plaintiff's complaint. See Filing No. 6, p. 2. Specifically, the court did not find that the plaintiff is connected to nano-technology, and it did not order DCCC to sever any such technology. The plaintiff's complaint failed to state a claim, and as such, the court entered no orders enforceable against the defendants. The court's memorandum and order merely asked for the DCCC's assistance and efforts in reassuring the plaintiff that he was not linked to any thought or information transmission devices.

Accordingly,

IT IS ORDERED: The plaintiff's motions for enforcement of the court's Memorandum and Order, Filing Nos. 8, 9, and 10, are denied.

DATED this 17th day of July, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge